STONE & AL vs. VINCENT.

EasternDist.
Feb'ary 1828.

APPEAL from the court of the first district

MARTIN, J. delivered the opinion of the court. This is an appeal from judgment against the payee and first endorser of a note, in favor of a subsequent endorser.

The pendency of a suit in another state, cannot be pleaded in abatement of an action brought in this.

The appellant's counsel urges, that the court erred in overruling a plea in abatement of the pendency of a suit for the same cause of action between the same parties, in one of the courts of the state of Alabama.

When a man gives two endorsers, the first is liable to the second and subsequent endorsers.

2. That the court erred in giving judgment for the plaintiffs, because there is proof that they were fully satisfied by the sale of some property of the drawer, conveyed by him to Gordon, in trust, for securing the payment of the note.

3. That the court erred in giving judgment against the defendant for the whole sum due on the note, because there is proof, that the plaintiff and he endorsed the note as co-sureties, to the bank of Mobile.

We do not think that the court erred in overruling the plea of abatement. The pendency of a suit between the same parties, and for the same action, does not deprive the courts of this state from their jurisdiction of the demand.

Eastern Dist.
Feb'ary 1828.

STONE
vs.
VINCENT.

The drawer of the note had conveyed a lot and wharf in Mobile, to Gordon, in trust, for securing the payment of the note. After the protest, the trustee put up the premises at auction, and they were bid off by the plaintiff for $2600. No deed of sale was, however, executed, the trustee being told the sale was illegal. However, at the request of the plaintiffs, he advertised the premises for sale a second time, and they were purchased by McLoskey for $1300. The drawer of the note had requested the trustee not to execute the deed to the plaintiffs, as they had agreed to receive the amount due them, and he was making arrangements to raise it. On these facts, we think that the first sale was disagreed to by both debtor and creditor, and the trustee acted correctly in refraining to execute the deed of sale. Afterwards, when the debtor's attempts to raise the money proved useless, the land was rightfully sold a second time. For the price of the second sale, the district court has given credit.

The last objection is absolutely untenable.— When a man gives two endorsers, they are liable in a different manner; the first to the second and subsequent endorsers—the second, to the third and subsequent ones.

It is therefore ordered, &c. that the judgment of the district court be affirmed with costs.

*Denis* for the plaintiff, *Pierce* for the defendant.